UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| XU TAO,<br><br>Petitioner,<br><br>v.<br><br>WARDEN, Adelanto ICE Processing Center, et al.,<br><br>Respondents. | Case No. 5:26-cv-02517-SSS-DTB<br><br>**ORDER ACCEPTING FINDINGS, CONCLUSIONS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE** |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, all the records and files herein, and the Report and Recommendation of the United States Magistrate Judge. Objections to the Report and Recommendation have been filed herein.

In this habeas matter involving immigration detention, Petitioner was released from immigration custody on May 16, 2026, pursuant to an order by the Court. [Dkt. 15]. The Report recommends that Respondents be enjoined from re-detaining Petitioner without notice and a pre-detention hearing before a neutral

arbiter. [Dkt. 33]. Respondents' objections to the Report do not merit a different result.

Respondents object that the Petition is moot because Petitioner's release has given him everything habeas can give. [Dkt. 35 at 8-9]. The Court agrees with the Report that the temporary relief provided by the Court "has not fully or finally adjudicated Petitioner's claims and, therefore, the Court retains jurisdiction for purposes of doing so." [Dkt. 33 at 12]. Petitioner's claims, as presented in his Petition, challenged the lawfulness of Respondents' "detention and custody procedures" toward Petitioner and sought relief that included enjoining Respondents "from re-detaining [Petitioner] absent constitutionally adequate process, including advance written notice, [and] a neutral pre-deprivation hearing[.]" [Dkt. 1 at 4, 25]. These claims were not fully resolved by Petitioner's release from custody on May 16, 2026. *Cf. Abdala v. I.N.S.*, 488 F.3d 1061, 1065 (9th Cir. 2007) (release from custody renders habeas petitions moot when "the habeas petitions raised claims that were fully resolved by release from custody").

Respondents object that later bond proceedings cured any defect in the re-detention of Petitioner on July 8, 2025. [Dkt. 35 at 10-11]. The later bond hearings to which Respondents refer are a custody re-determination in January 2026 and a second, Court-ordered hearing on an unspecified date from which Petitioner chose to withdraw. [*Id*. at 10]. The Court disagrees that these procedures cured the constitutional defect in the re-detention of Petitioner on July 8, 2025. *See Charan S. v. Warden of the Cal. City Det. Facility*, 2026 WL 1144158, at *6 (E.D. Cal. Apr. 28, 2026) ("[T]he bond hearing occurred after Petitioner's detention, so it failed to remedy the initial constitutional violation. The fact that Petitioner was provided with a post-deprivation court-ordered bond

hearing does not cure the initial constitutional violation of unlawfully revoking Petitioner's liberty and detaining him without any process[.]").

Respondents object that 8 U.S.C. § 1226(e) channels review of the re-detention and bond decisions to the immigration courts. [Dkt. 35 at 11-13]. Section 1226(e) provides that "[t]he Attorney General's discretionary judgment regarding the application of this section shall not be subject to review. No court may set aside any action or decision by the Attorney General under this section regarding the detention of any alien or the revocation or denial of bond or parole." But Section 1226(e) "did not strip federal courts of traditional habeas jurisdiction. . . . [It] restricts jurisdiction only with respect to the executive's exercise of discretion, but that discretionary judgment does not include constitutional claims or questions of law." *Martinez v. Clark*, 124 F.4th 775, 781-82 (9th Cir. 2024). Section 1226(e) does not bar judicial review where, as here, "Petitioner's claim is a challenge to the constitutionality of Petitioner's imminent redetention." *Qazi v. Albarran*, 2025 WL 3033713, at *3 (E.D. Cal. Oct. 10, 2025). Thus, judicial review is not foreclosed by 8 U.S.C. § 1226(e).

Respondents object that due process required no pre-deprivation hearing and that the Report provided an incomplete analysis under *Mathews v. Eldridge*, 424 U.S. 319 (1976). [Dkt. 35 at 14-15]. The factors under *Mathews* are (1) the private interest affected by the official action; (2) the risk of erroneous deprivation through the procedures used and the probable value of additional or substitute procedural safeguards; and (3) the Government's interest, including the fiscal and administrative burdens of additional procedural requirements. *Mathews*, 424 U.S. at 335. The Court agrees with the Report's *Mathews* analysis, which incorporated the reasoning of the Court's earlier order. [Dkt. 33 at 14; *see also* Dkt. 14]. As explained in that order, Petitioner retained a protected liberty interest in remaining

out of custody, and there was no meaningful countervailing government interest that supported detaining previously released noncitizens like Petitioner without a pre-detention hearing. [Dkt. 14 at 3]. Second, "the risk of erroneous deprivation is considerable given that Petitioner was not afforded a pre-deprivation hearing to determine whether his detention complied with constitutional protections." *Charan S.*, 2026 WL 1144158, at *5. The probative value of pre-deprivation safeguards therefore would be "high." *Id.* at *6. Third, "although the government has a strong interest in enforcing the immigration laws, the government's interest in detaining petitioner without a hearing is 'low.'" *R.A.N.O. v. Wofford*, 820 F. Supp. 3d 1094, 1105 (E.D. Cal. 2026).

Respondents object that the Court cannot order an ultra vires pre-deprivation hearing before an Immigration Judge. [Dkt. 35 at 15-17]. The Court disagrees. The power to order a hearing before an Immigration Judge "is the type of practice and workable remedy within the district court's broad equitable powers." *Mau v. Chertoff*, 562 F. Supp. 2d 1107, 1104 (S.D. Cal. 2008) (citing *Lemon v. Kurtzman*, 411 U.S. 192, 200 (1973) ("[i]n constitutional adjudication as elsewhere, equitable remedies are a special blend of what is necessary, what is fair, and what is workable.")).

Respondents object that a permanent anti re-detention injunction exceeds the scope of habeas. [Dkt. 35 at 17-19]. The Court again disagrees. The habeas "statute does not limit the relief that may be granted to discharge of the applicant from physical custody. Its mandate is broad with respect to the relief that may be granted." *Carafas v. LaVallee*, 391 U.S. 234, 239 (1968). Here, the specific harm shown is not only Petitioner's unlawful detention, but also "a concrete risk of re-detention" without legally required process. *Yang v. Scott*, 2026 WL 632661, at *5 (W.D. Wash. Mar. 6, 2026). Under its mandate, the Court finds it appropriate to

grant a prospective remedy enjoining future re-detention absent legally required process.

Having made a de novo determination of those portions of the Report and Recommendation to which objections have been made, the Court concurs with and accepts the findings, conclusions and recommendations of the Magistrate Judge.

IT THEREFORE IS ORDERED that Judgment be entered: (a) Granting the Petition; and (b) enjoining Respondents and their officers, agents, employees, attorneys and persons acting on their behalf in concert or in participation with them, from re-detaining Petitioner without notice and a pre-detention hearing before a neutral arbiter at which the government bears the burden of proving that Petitioner is a flight risk or danger to the community.

Dated: September 4, 2026

SUNSHINE S. SYKES
United States District Judge